# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Kendra Foster, *on behalf of herself and others similarly situated*, | ) ) Case No. |
| Plaintiff, | ) ) CLASS ACTION COMPLAINT |
| v. | ) ) Jury Trial Demanded |
| Okinus, Inc., | ) ) |
| Defendant. | ) ) |

## Nature of this Action

1. Kendra Foster ("Plaintiff") brings this class action against Okinus, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred, in part, in this district, and as Defendant transacts business in this district.

## Parties

5. Plaintiff is natural person who at all relevant times resided in Atlanta, Georgia.

6. Defendant is a corporation with a principal address in Pelham, Georgia.

1

7. Defendant "offers alternative financing under a lease purchase transaction to consumers for the purposes of obtaining furniture, consumer electronics, household appliances and jewelry[.]" http://www.okinus.com/terms-of-use/

8. Defendant's self-identified former Director of Technology states that he "[i]mplemented a Cisco auto dialer for [Defendant's] collections department resulting in significant increases in productivity." https://www.linkedin.com/in/alan-brand-34951424 (Alan Brand, IT Director of Information Technology Okinus, Inc., March 2015 – August 2016).

9. Many individuals claim to have received calls on their cellular telephone numbers, from a number associated with Defendant, after informing the caller it had reached a wrong number:

- "[S]omeone calls on a semi-regular looking for someone that is not associated with my telephone number, I have told them there is no one at this number by that name, but they continue to call. Please stope [sic] call me." http://800notes.com/Phone.aspx/1-229-294-4575 (Calvin Johnson 13 Jul 2012) (last visited October 18, 2016);

- "Called me every time about a person that I dont know named Reynaldo Vazquez." http://800notes.com/Phone.aspx/1-229-294-4575 (Marta Rivera 22 Mar 2011) (last visited October 18, 2016);

- "I have recieved [sic] calls from this number for a miss veronica. I have told them over and over that she no longer has this phone number and to stop calling me. http://800notes.com/Phone.aspx/1-229-294-4575 [sic] they call at least once per day." (Donna 17 Sep 2012) (last visited October 18, 2016);

- "They Keep calling my phone for a Lenorris Crabb that no longer works for Glass-Ratner! Annoyed!!!!!!!!!!! Been calling my phone for 2 months[.]" http://800notes.com/Phone.aspx/1-229-294-4575 (Tinker Bell 14 Nov 2012) (last visited October 18, 2016);

- "Okinus Furniture Lease Comp - Have called me, x's and I've said wrong # - Ppl act like they're slow seriously Guess u don't need a degree to b a collector right?" https://callsreported.com/2292944575.calls.reported (Post by Guest, 2015-11-21 05:30:57 2292944575 (last visited October 18, 2016).

**Factual Allegations**

10. Months after Plaintiff obtained a new cellular telephone number—(404) 382-XXXX—Defendant began placing calls to it.

11. For example, in addition to other calls, Defendant placed at least three calls to Plaintiff's cellular telephone number on November 2, 2016.

12. Defendant placed some, if not all of its calls to Plaintiff's cellular telephone number, from (229) 294-4575.

13. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

14. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

15. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the

3

FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

16. Plaintiff answered more than one of Defendant's calls to her cellular telephone number.

17. On at least one occasion Plaintiff spoke with Defendant, informed it that she was not the individual Defendant intended to reach by placing calls to her cellular telephone number—an individual named Tanisha Henry—and asked Defendant to stop placing calls to her cellular telephone number.

18. In fact, in the face of one of Defendant's argumentative calls, Plaintiff offered to forward her driver's license to Defendant to prove she was not Tanisha Henry.

19. Defendant, nonetheless, continued to place calls to Plaintiff's cellular telephone number.

20. Plaintiff is not, nor was, one of Defendant's customers.

21. Plaintiff does not have, nor had, a business relationship with Defendant.

22. Plaintiff did not provide Defendant with her cellular telephone number.

23. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

24. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

25. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

26. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

27. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

28. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls to Plaintiff's cellular telephone number.

29. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

30. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

31. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

32. Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

33. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

**Class Allegations**

34. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Okinus, Inc., placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) during the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

35. The proposed class specifically excludes any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to or within the third degree of consanguinity or affection to any of the foregoing individuals.

36. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

37. The exact number of the members of the class is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

38. The members of the class are ascertainable because the class is defined by reference to objective criteria.

39. In addition, the class is ascertainable because, upon information and belief, cellular telephone numbers, names, and addresses of the members of the class can be identified in business records maintained by Defendant and by third parties.

40. There exists a well-defined community of interest in the questions of law and fact that affect the members of the class.

41. Plaintiff's claims are typical of the claims of the members of the class.

42. As it did for all members of the class, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent,

and in violation of 47 U.S.C. § 227.

43. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant.

44. Plaintiff's claims are based on the same theory as are the claims of the members of the class.

45. Plaintiff suffered the same injuries as each of the members of the class.

46. Plaintiff will fairly and adequately protect the interests of the members of the class.

47. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

48. Plaintiff will vigorously pursue the claims of the members of the class.

49. Plaintiff has retained counsel experienced and competent in class action litigation.

50. Plaintiff's counsel will vigorously pursue this matter.

51. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

52. Questions of law and fact common to the members of the class predominate over questions that may affect individual class members.

53. Issues of law and fact common to all members of the class are:

    a. Defendant's violations of the TCPA;

    b. The existence of Defendant's identical conduct;

    c. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

    d. The availability of statutory penalties.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

55. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

56. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

57. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

58. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

59. The damages suffered by each individual member of the class may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

60. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

61. There will be little difficulty in the management of this action as a class action.

62. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

63. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-62.

64. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

## Trial by Jury

65. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number and to the cellular telephone numbers of class members;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: November 29, 2016		/s/Shireen Hormozdi
				Shireen Hormozdi
				1770 Indian Trail Lilburn Road
				Suite 175
				Norcross, GA 30093
				Tel: 800.994.9855
				Fax: 866.929.2434
				shireen@norcrosslawfirm.com

				Aaron D. Radbil*
				Greenwald Davidson Radbil PLLC
				106 East Sixth Street, Suite 913
				Austin, Texas 78701
				Phone: (512) 322-3912
				Fax: (561) 961-5684
				aradbil@gdrlawfirm.com

				Counsel for Plaintiff and the proposed class

				*to seek admission *pro hac vice*